IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT T. CARLISLE, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. CA 04 - 284 Erie |
| MATSON LUMBER COMPANY, MATSON HARDWOODS, INC., | ) ) Judge Lancaster ) ) |
| Defendants | ) |

**<u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

Plaintiff Albert T. Carlisle by his attorneys Conner Riley & Fryling moves this Court for reconsideration of the Order dated August 26, 2005 and avers the following in support thereof:

1.    Plaintiff Albert T. Carlisle commenced the above captioned civil action to quiet title to the timber and trees located on his farm in Warren County, Pennsylvania containing approximately 1200 acres.

2.    Subject matter jurisdiction of plaintiff's action is based on diversity pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states (Ohio and Pennsylvania) and the value of the timber and trees on the property exceeds $75,000 (Plaintiff's Complaint ¶ 1-4).

3.    Defendants did not file a responsive pleading to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedures, as that term is defined by Rule 7(a) of the Federal Rules of Civil Procedure.

4.    Instead, defendants filed a Motion for Summary Judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure based on the affirmative defenses of res judicata and collateral estoppel.

5. Plaintiff filed a Cross Motion for Summary Judgment.

6. The District Court issued a Memorandum Order dated May 9, 2005 denying plaintiff's Motion for Summary Judgment. The court granted in part and denied in part defendants' Motion for Summary Judgment based on the affirmative defenses of res judicata and collateral estoppel.

7. The District Court has further ordered a hearing on the amount in controversy over the remaining claim under the quiet title action.

8. Diversity jurisdiction is determined as of the time of filing the complaint. Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of jurisdiction unless the plaintiff lacked a good faith basis for claiming over $75,000 at the time the complaint was filed. Nor does the fact that the complaint discloses the existence of a valid defense oust the court's subject matter jurisdiction.

9. The District Court in this case determined that it had subject matter jurisdiction at the time of the filing of the Complaint or it could not have reached the merits of the defendants' affirmative defenses and rendered decisions on the Motions for Summary Judgment. The District Court's grant of Summary Judgment does not oust the jurisdiction over the remaining claim even if it is less than $75,000. St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 846 (1938).

10. If the District Court lacks subject matter jurisdiction over the plaintiff's claims at the time of the filing of the Complaint, then the judgments rendered on May 9, 2005 are void. Marshall v. Board of Education, Bergenfield, N.J., 575 F.2d 417 (3rd Cir. 1978).

Wherefore, for the above stated reasons plaintiff Albert T. Carlisle respectfully requests this Honorable Court to reconsider its Order to re-examination of subject matter jurisdiction over the remaining controversy.

Respectfully submitted,

By *Andrew J. Conner /JRF*
Andrew J. Conner

By *James R. Fryling*
James R. Fryling
Conner Riley & Fryling
17 West Tenth Street
P.O. Box 860
Erie, PA 16512-0860
(814) 453-3343
Attorneys for Plaintiff

Date:   September 29, 2005