IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT T. CARLISLE, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. CA 04 - 284 Erie |
| MATSON LUMBER COMPANY, MATSON HARDWOODS, INC., | ) ) Judge Lancaster ) ) |
| Defendants | ) |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

### Statement of Facts

Plaintiff, Albert T. Carlisle, commenced the above captioned civil action to quiet title to the timber and trees located on his farm in Warren County, Pennsylvania containing approximately 1200 acres. Subject matter jurisdiction of plaintiff's action is based on diversity pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states. Plaintiff Albert T. Carlisle is a citizen of the State of Ohio and defendants are corporations duly organized and existing in the Commonwealth of Pennsylvania and maintain a principal place of business there. The value of the timber and trees on plaintiff's property exceeds the amount of $75,000.

Defendants did not file a responsive pleading pursuant Rule 12 of the Federal Rules of Civil Procedure. Instead, defendants filed a Motion for Summary Judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure based on the affirmative defenses of res judicata and collateral estoppel. Plaintiff filed a Cross Motion for Summary Judgment on the quiet title claim. The District Court issued a Memorandum Order dated May 9, 2005. The Order denied plaintiff's Motion for Summary Judgment. The Order granted in part and denied in part the defendants' Motion for Summary Judgment. The Order granted the defendants' Motion as to ownership of

the timber in May 1969 on the basis of res judicata. The Order denied the defendants' Motion as to the May 22, 2003 Quit Claim Deed. As a result of these rulings, the court held that its subject matter jurisdiction over the remainder of the case was drawn into question.

### Issue

**WHETHER THE DISTRICT COURT'S GRANT OF PARTIAL SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF RES JUDICATA OUSTS THE COURT'S SUBJECT MATTER JURISDICTION OVER THE REMAINING CLAIMS.**

### Answer

No. Subject matter jurisdiction is determined as of the time of filing the complaint. Once the district court's jurisdiction is established, subsequent events which reduce the amount in controversy to less than $75,000 do not divest the court of jurisdiction.

### Argument

The general rule is that if jurisdiction prerequisites exist when the suit is filed, subsequent events will not work an ouster of jurisdiction. The sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present, should continue until final disposition of the action. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, 181 F.3d 410, 413 (3rd Cir. 1999)(Court should decide jurisdiction first and then address other issues only if there is jurisdiction); Interdigital Technology Corp., v. O.K.I. America, Inc., 845 F. Supp. 276 (E.D. Pa. 1994)(Existence of jurisdiction must be tested as of time complaint was filed).

The general rules with respect to jurisdictional amount are set forth in St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

The plaintiff in St. Paul commenced a contract action against the defendant to recover insurance proceeds claiming an amount in excess of the jurisdictional limit. The complaint was subsequently amended. The court made a number of rulings thereafter and ultimately entered a judgment for less than the jurisdictional amount.

On appeal, the court of appeals refused to decide the merits of the case on the ground that the record revealed the claim did not equal the amount necessary to give the district court jurisdiction. Id. 303 at 285, 58 S.Ct. at 588-589. The Supreme Court reversed and held that:

> "The rule governing dismissal for want of jurisdiction in a case brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim.... Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."

Id, 303 U.S. at 288-289, 58 S.Ct. at 590-591 (footnotes omitted).

In Herremans v. Carrera Designs, Inc., 157 F.3d 1118 (7th Cir. 1998), the plaintiff brought a diversity damages suit for breach of contract in violation of Indiana's wage payment statue. The District Court granted summary judgment on two claims and having done so, dismissed the entire suit on the ground that with those two claims out of the case, there was no federal diversity jurisdiction over the remaining claim for $2,500 because that amount was less than the minimum amount in controversy specified in the diversity statute.

The Court of Appeals for the Seventh Circuit reversed and held that "the dismissal of the $2,500 claim of error regardless of the correctness or incorrectness of the judge's disposition of the other claims. The test for whether a case satisfies the amount in controversy requirement is

whether the plaintiff makes a good faith claim for the amount, not whether the plaintiff is actually entitled to such an amount. Otherwise, every diversity case that a plaintiff lost on the merits would be dismissed for lack of federal jurisdiction allowing the plaintiff to start over in state court. There would be no merits decisions for defendants in diversity cases and no finality when defendants won. And if losing an entire case does not deprive the District Court of jurisdiction, neither does losing part of it. The diversity statute confers federal jurisdiction over civil actions satisfying the required minimum amount in controversy, not over counts, thus permitting the plaintiff to aggregate the stakes in his separate claims or counts to come up with minimum." Id. at 1121 (citations omitted).

In Nationwide Mutual Fire Insurance Company v. T & D Cottage Auto Parts and Service, Inc., 705 F. 2d 685 (3rd Cir. 1985), the Third Circuit Court of Appeals reversed the District Court's dismissal of defendant's statutory interpleader counterclaim. The District Court's reason for dismissing the counterclaim is that it was not supported by a basis for jurisdiction that was independent of the complaint since it sought less than the jurisdictional amount. 705 F.2d at 687.

The Third Circuit in adopting an ancillary jurisdiction rule held:

> "The rule we adopt today is also supported by analogy to the doctrine that in a diversity case events occurring subsequent to the filing of the complaint that reduce the amount in controversy below the statutory limit do not oust the court's jurisdiction. Wade v. Rogala, 270 F.2d 280 (3rd Cir. 1959)."

Id at 687. See also Apicella v. Valley Forge Military Academy and Junior College, 630 F. Supp. 20 (E.D .Pa. 1985) ("Subsequent events such as a bar by the statute of limitations will not serve to rob the plaintiff of once valid jurisdiction. Since the parents had a colorable claim in excess of $10,000 [the jurisdictional amount] when the action was filed, the contract claim in Count VI will not be dismissed for lack of the requisite amount." Id at 24).

In this case, if the District Court did not have subject matter jurisdiction at the time the complaint was filed, then the judgment rendered on May 9, 2005 would be void. Marshall v. Board of Education, Bergenfield, N.J., 575 F.2d 417 (3rd Cir. 1978). See, also, Everhardt v. Integrated Design & Construction, Inc., 167 F.3d 861 (4th Cir. 1999).

Thus, the District Court in this case must have made an initial determination that plaintiff's quiet title action met the amount in controversy for subject matter jurisdiction because it addressed the merits of defendants' affirmative defenses. The court's disposition of the parties' motions, however, does not oust the court's jurisdiction.

Wherefore, for the above stated reasons, plaintiffs respectfully request this Honorable Court to reconsider its Order regarding the jurisdictional amount of the remaining claim.

Respectfully submitted,

By /s/ Andrew J. Conner /JRF
    Andrew J. Conner

By /s/ James R. Fryling
    James R. Fryling
    Conner Riley & Fryling
    17 West Tenth Street
    P.O. Box 860
    Erie, PA 16512-0860
    (814) 453-3343
    Attorneys for Plaintiff

Date: September 29, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT T. CARLISLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. CA 04 - 284 Erie |
| | ) | |
| MATSON LUMBER COMPANY, | ) | Judge Lancaster |
| MATSON HARDWOODS, INC., | ) | |
| | ) | |
| Defendants | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of September 2005, a copy of the within document was duly served on all counsel of record and/or unrepresented parties by mailing the same to them at their designated offices by first class United States mail, postage prepaid, or by personal service/courthouse box.

_____
Andrew J. Conner

_____
James R. Fryling