IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT T. CARLISLE,                )
          Plaintiff,               )
                                   )
     v.                            )    Civil Action No. 04-284(Erie)
                                   )
MATSON LUMBER COMPANY and          )
MATSON HARDWOODS, INC.,            )
          Defendants.              )


MEMORANDUM ORDER


Gary L. Lancaster,
District Judge.                              October 28, 2005

          Before the court is plaintiff's motion for
reconsideration [doc. no. 20] of our August 26, 2005 order. That
order rescheduled, for the second time upon defendants' motion,
a hearing on the jurisdictional amount in controversy. A hearing
on the jurisdictional amount in controversy was originally
scheduled by this court's May 9, 2005 memorandum order disposing
of the parties' cross motions for summary judgment. In the May
9, 2005 opinion, we found that the doctrine of res judicata
precluded much of the relief sought by plaintiff in this case.
Only plaintiff's claim to quiet title to his timber rights in the
post-1969 trees survived. Having no information regarding the
amount in controversy as to the one claim that plaintiff properly
brought before this court, we ordered an evidentiary hearing on
the amount in controversy.

AO 72A
(Rev.8/82)

In his motion for reconsideration, plaintiff argues that because this court determined that it had jurisdiction at the time the complaint was filed, the subsequent elimination of many of plaintiff's claims could not oust the court of jurisdiction. Defendants do not oppose the motion for reconsideration. However, this is not dispositive; parties cannot by stipulation, or otherwise, confer subject matter jurisdiction on the federal courts. Kaufman v. Liberty Mut. Ins. Co., 245 F.2d 918, 920 (3d Cir. 1957).

Plaintiff is correct that, as a general rule, the amount in controversy is determined as of the time the complaint is filed and that once a federal court finds that it has diversity jurisdiction subsequent events cannot divest the court of jurisdiction. There are, however, exceptions. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). Courts have looked to post-filing events in reconsidering the amount in controversy under certain circumstances. See e.g. Hall v. Earthlink Network, Inc., 396 F.3d 500, 507 (2d Cir. 2005) (original allegation made in bad faith); State Farm Mut. Automobile Ins. Co. v. Powell, 87 F.3d 93 (3d Cir. 1996) (clarification of how many insurance policies were at issue).

2

AO 72A
(Rev.8/82)

The May 9, 2005 order reflects our determination that plaintiff acted unreasonably in attempting to invoke this court's jurisdiction by relying on clearly non-justiciable claims in order to satisfy the amount in controversy requirement. In our May 9, 2005 decision, we discussed several circumstances evidencing this unreasonableness: first, the majority of the claims were already actually litigated to verdict in this very court, or should have been because they dealt with the same issue of ownership of the Clough Farm timber; second, a state court had already rebuffed plaintiff's attempts to relitigate ownership of the Clough Farm timber based on the doctrine of res judicata due to the earlier federal court case; third, many of the allegations of the complaint directly contradicted evidence and arguments that plaintiff presented to this court during the prior federal court case; fourth, the case was not based on any new documents or evidence, other than the 2003 timber deed, which is the basis of the surviving quiet title action; and, fifth, the requested judgment would be contrary to the judgment entered by this court in the prior federal case.

We saw no possible argument that plaintiff thought it appropriate to return to this court attempting, again, to litigate ownership of the Clough Farm timber under those circumstances, and concluded that plaintiff had acted

AO 72A
(Rev.8/82)

unreasonably in attempting to invoke this court's jurisdiction. While we could have dismissed the entire case on this basis, we gave plaintiff an opportunity to demonstrate that the one valid claim regarding the 2003 timber deed, was, in fact, worth in excess of $75,000.

We held an evidentiary hearing on October 21, 2005 on the amount in controversy.  James Hall presented testimony at the hearing on behalf of plaintiff.  Mr. Hall also submitted an affidavit [doc. no. 23].  Mr. Hall was qualified as an expert and deemed capable of giving his opinion as to the value of the timber properly at issue in this case.  Defendants cross examined Mr. Hall, but did not present evidence.  Mr. Hall initially testified that the value of the post-1969 timber was $388,050. However, Mr. Hall later explained that he arrived at that number by projecting the potential value of the timber in question 50 years from now, and then determining what amount of money would have to be invested today to result in that same sum in 50 years. Mr. Hall testified, and provided documentation attached to his affidavit indicating, that the timber is presently worth approximately $4,200.

It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.  Red Cab Co., 303 U.S. at 288.  In this action to

AO 72A
(Rev.8/82)

quiet title, we must calculate the amount in controversy based on the present value of the property right being injured, not the projected, possible, or investment value of the property right. Smith v. Adams, 130 U.S. 167, 175 (1889); Kelly v. Lehigh Nav. Coal Co., 151 F.2d 743, 746 (3d Cir. 1945).

As set forth above and in our May 9, 2005 decision, due to the verdict in the prior federal case, the only property right that plaintiff has at issue in this case is the timber rights to those trees that sprouted on Clough Farm after May of 1969.  The only evidence presented as to the current value of that timber was Mr. Hall's testimony and documentation that the timber is now worth $4,200.  Although plaintiff's expert predicted that those trees would be worth $3.5 million in 50 years, any number of factors could impact the value of the timber at issue 50 years from now, such as disease, forest fire, other natural disaster, or purposeful destruction.  Plaintiff arrived at the $388,050 number by determining how much money a person would have to invest today to end up with $3.5 million in 50 years.  We find that approach to be flawed.

We must determine the present value of the property right at issue.  Smith v. Adams, 130 U.S. at 175; Kelly v. Lehigh Nav. Coal Co., 151 F.2d at 746; see also Perrin v. Tenneco Oil Co., 505 F.Supp. 23, 24 (W.D. Okla. 1980) (assessing value of action

5

to quiet title of a mineral interest in land as the increased cost of buying the land with the mineral interest versus without the mineral interest).  Plaintiff failed to provide any evidence indicating what the right to the post-1969 timber might sell for on the open market today.  Although it is possible that the current market value of the timber rights could be more than $4,200, we have no information setting any present market value or price for the timber rights.  As such, it appears to a legal certainty that the amount in controversy is less than $75,000.

Therefore, this 28th day of October, 2005, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration [doc. no. 20] is DENIED.

Having found that plaintiff has failed to meet the requirements to invoke this court's diversity jurisdiction, we do not have subject matter jurisdiction over this matter.  As such, the case is dismissed.  The Clerk of Court is directed to mark this matter closed.

BY THE COURT:

cc:    All Counsel of Record

6